UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

CLAUDIA PHILLIPS,

    Plaintiff,

v.

LISA S. LEVINE, P.A., a Florida professional association, and LISA S. LEVINE, an individual,

    Defendants.
_____/

## COMPLAINT

Plaintiff, Claudia Phillips ("Phillips"), through her undersigned attorneys, files this Complaint against the Defendants, Lisa S. Levine, P.A. and Lisa S. Levine, (hereinafter, "Defendant"), and alleges:

## JURISDICTION AND VENUE

1. This suit is brought against the Defendant pursuant to 29 U.S.C. § 201 *et seq.* ("Fair Labor Standards Act" or "FLSA").

2. Jurisdiction is conferred upon this Court by:

    (a)    28 U.S.C. § 1331;

    (b)    28 U.S.C. § 1343; and

    (c)    29 U.S.C. § 216(b), which allows for a FLSA claim to be brought in any court of competent jurisdiction.

3. Venue is proper for the Southern District of Florida because:

    (a)    Phillips was employed in the Southern District of Florida by the corporate Defendant and the individual Defendant which at all material times conducted, and continue to conduct, business in Broward County; and

    (b)  Additionally, venue lies because the acts that gave rise to Plaintiff's claims occurred in the Southern District of Florida and because the corporate Defendant keeps an office for the transaction of its customary business in this district (the corporate Defendant has an office in South Florida) and the individual Defendant resides in Broward County.

## CONDITIONS PRECEDENT/ADMINISTRATIVE EXHAUSTION

4. Plaintiff has complied with all conditions precedent in this case, or they have been waived. Phillips made a presuit demand in writing and received absolutely no response.

## PARTIES

5. Phillips resides within this judicial district.

6. Defendant Lisa S. Levine, P.A. is a Florida professional association which, at all times material, conducted substantial and continuous business in this judicial district, and is subject to the laws of the State of Florida and the United States. The corporate Defendant owns and operates a business in South Florida at which for all material times Phillips worked for and her labor benefited. Defendant's business is a law firm. The corporate Defendant employs at least 5 people, and has numerous employees who are in contact with people all over the country in terms of various communications which include telephone, text, and internet contact. Defendant has an office in South Florida and its employees call insurance companies, opposing counsel, expert witnesses regularly and recurrently, with a significant part of those communications being across state lines. The Defendant has significant legal and regulatory paperwork that its employees fill out and send to various places including out of state on a regular and recurrent basis. The employees use computers, mobile devices, printers, paper, pens, pencils, utensils, and other products that are all manufactured outside the state of Florida.

7. The corporate Defendant paid employees and paid Phillips (through the individual Defendants) and has gross annual sales volume that exceeds $500,000 annually, at least for years

2018-21.  The corporate Defendant has two or more employees engaged in commerce, as they have two or more employees who handle, work on, and use goods or materials that have been moved in interstate commerce and/or manufactured outside the state of Florida.  For example, in the South Florida location Defendant has at least 5 employees two or more who use computers, computer software, office supplies, copiers which were manufactured outside the State of Florida (and thus have moved in interstate commerce), and use office supplies, computers, computer software systems, and other good and materials manufactured outside the State of Florida.

7.5.    The individual Defendant is the alter ego of the corporate Defendant and operated it day-to-day and has current operational control over the corporate Defendant deciding all financial decisions and having say over numerous employees and directing their work day-to-day, including how much they would be paid and when they would be paid, whether they would be paid overtime or not, and the individual Defendant had the power the hire and fire, daily managed the company and were ultimately responsible for the profitability of the business.

8.    Further, the Defendant has various employees make long distance phone calls and internet searches (suppliers, internet purchases, and others) and receive funds that go across state lines and send emails to individuals who reside out of the State of Florida regularly and recurrently to effectively communicate for the business to operate.

9.    Additionally, Phillips is entitled to individual coverage, as she regularly and recurrently participated in the actual movements of goods or services and commerce across state lines including through various forms of communication.

10.   The corporate Defendant is an "employer" pursuant to 29 U.S.C. § 203(d) of the Fair Labor Standards Act, and so too is the individual Defendant.

11.   The corporate Defendant is an "enterprise" pursuant to 29 U.S.C. § 203(r) of the Fair Labor Standards Act.

12. The corporate Defendant is an enterprise "engaged in commerce" pursuant to 29 U.S.C. § 203(s) of the Fair Labor Standards Act.  During all times relevant to this action, the corporate Defendant was an enterprise engaged in commerce as defined in 29 U.S.C. §§ 203(r) and 203(s).

13. Phillips was an "employee" pursuant to 29 U.S.C. § 203(e)(1) of the Fair Labor Standards Act.

14. Phillips was a non-exempt employee of Defendant who was subject to the payroll practices and procedures described in Paragraphs 23, 24, and 25 below, and who worked in excess of forty (40) hours during one or more workweeks within three (3) years of the filing of this Complaint. At all times pertinent to this Complaint, Defendant failed to comply with 29 U.S.C. §§ 201-219 in that Phillips performed services for Defendant for which no provision was made to properly pay for those hours in which overtime was required to be paid, which requires the payment of wages at time and one-half for all hours worked in excess of forty (40) hours in each workweek.

## STATEMENT OF FACTS

15. Within the past three (3) years (January 2, 2020 – August 2021), Phillips worked for the Defendant performing various duties. Phillips worked under the title "paralegal", which duties included performing all sorts of tasks including whatever the individual Defendant told her to do, and her compensation was supposed to be about $28.00/hr which, if she worked 40 hours per week, calculates to $60,000/yr.

16. Phillips's duties included doing whatever task the Defendant instructed her to perform, which varied depending the time (but primarily consisted of keeping calendars, gathering documents, preparing exhibit and witness lists), but shortly after starting work her hours mushroomed into 57/wk because she could not complete the tasks in 40.

17. Phillips did not have the ability to hire or fire anyone (nor did she hire or fire anyone), and she did not regularly and customarily direct the work of any employees, much less two or more full-time workers.

18. Phillips was only given tasks that were designed to facilitate production work of the Defendant, such as the tasks described above, all of which consisted of regular, recurrent, and routine work (gathering documents and paperwork on cases that would be litigated which is the crux of Defendant's business) that did not involve her exercising independent judgment and discretion on matters of significance.

19. Phillips's primary duties were not management, but were those of a scheduler and document gatherer.

20. During Phillips's employment, Phillips did not have any authority to interview, select, and/or train employees.

20.1. Phillips did not have any authority to set and adjust the rates of pay and hours of work for any employees.

20.2. Phillips had no authority to direct the work of employees.

20.3. Phillips did not maintain production or sales records at all when she worked for the Defendant, nor did she use any such records to supervise or control any employee.

20.4. In fact, Phillips knows little about the business's financing or financial success or failure.

20.5. The finances were not her responsibility.

20.6. Phillips did not supervise any staff.

20.7. Phillips had absolutely no say concerning any of the costs.

20.8. For example, concerning wages paid to employees, Phillips had no say concerning what any particular employee would be paid, how many employees could work in the buildings,

when, what hours they could work, whether their pay should be increased or decreased, as all of that was determined by the Defendants.

20.9. Phillips had no authority to spend any of the Defendant's money at all, and had no authority to authorize the payment of bills. Phillips never opened up any mail that came to the building for purposes of making any decision concerning the business with respect to that mail.

21. While Phillips worked for the Defendants, she never appraised employees' productivity and/or efficiency for the purpose of recommending promotions or other changes in status.

21.1. While Phillips worked for the Defendants, she never handled employee complaints and grievances, as that was for the Defendants to do.

21.2. Also, Phillips never disciplined employees, nor did she have the power or authority to do that. Phillips did not plan any work for any employee, as there was no work to plan.

21.3. Phillips never determined any techniques to be used by employees to do their job. Phillips never apportioned work among any employees, as there were no employees who reported to her to whom to apportion work.

21.4. Phillips never determined the type of materials, supplies, machinery, equipment, or tools to be used by any employees, as the Defendants or the employees themselves decided all of that.

21.5. Phillips had no involvement in controlling the flow and distribution of materials or merchandise and supplies. Phillips had nothing whatsoever to do with materials, merchandise, or supplies or their distribution. Phillips had no involvement with respect to budgeting.

21.6. Phillips was not involved in reviewing any sort of financial documents or statements of the buildings, and she did not review any such documents, nor was Phillips supposed to.

21.7. Phillips had no involvement in monitoring or implementing legal compliance measures.

21.8. There were no legal issues that Phillips had anything to do with in terms of deciding how they would be handled or dealt with while she worked for Defendant, nor did she have anything to do with paperwork concerning new employees or hires.

21.9. Phillips simply followed the established techniques and procedures with respect to her duties, all of which were repetitive, routine, and recurrent work.

22. Phillips did not do anything that could have resulted in financial losses for the Defendants.

22.1. Phillips did not perform work that was directly related to management or general business operations of Defendants or their customers, because Phillips did not perform work directly related to assisting with the running or servicing of the business, but rather was engaging in production work (manual labor in the cafeteria and other manual tasks, and work arising out of that, communications with other workers).  Phillips also did not perform work directly related to the management or general business operations of the Defendants because Phillips did not work in a functional area such as tax; finance; accounting; budgeting; auditing; insurance; quality control; purchasing; procurement; advertising; marketing; research; safety and health; personnel management; human resources; employee benefits; labor relations; public relations, government relations; computer network, internet and database administration; legal and regulatory compliance; and similar activities.

22.2. Rather, Phillips was one more person looking to perform production work the Defendants rely on so heavily, assist with the production work of assigning home health aides to clients.

23. In the course of employment with Defendant, Phillips worked the number of hours required of her, but were not paid time and one-half for all hours worked in excess of forty (40) during a workweek.

24. Phillips regularly worked in excess of forty (40) hours per workweek, but was not paid for breaks, lunch time though she worked through them and was not completely relieved of duty and was not paid overtime.

24.1. Phillips worked considerable overtime but was not paid it, and she has been made to work off of the clock for many hours each week including on-call time.

24.2. Phillips worked a significant amount of overtime each week, but was not paid for those overtime hours she worked that exceeded 40 in a workweek.

25. The Defendant should have partial accurate records of hours worked, because she utilized a computer while at work.

26. Phillips has retained the undersigned legal counsel to prosecute this action in her behalf, and has agreed to pay them a reasonable fee for their services.

27. Phillips is entitled to her reasonable attorneys' fees for prosecuting this action, whether or not she is the prevailing party.

## COUNT I – RECOVERY OF OVERTIME COMPENSATION

28. Phillips re-adopts, incorporates by reference, and re-alleges Paragraphs 1 through 27 above as though fully set forth.

29. Phillips is entitled to be paid time and one-half for each hour worked in excess of forty (40) in each workweek.

30. By reason of the intentional, willful, and unlawful acts of Defendant, Phillips has suffered damages, *e.g.*, back pay for overtime wages, liquidated damages, and compensatory damages, plus incurring costs and reasonable attorneys' fees.

31. As a result of the Defendant's willful violations of the Act, and the failure to pay overtime which was not in good faith, as discussed above, Phillips is entitled to liquidated damages as provided in § 216 of the FLSA, and is entitled to recover damages for three (3) years.

WHEREFORE, for workweeks within three (3) years of the filing of this Complaint, Phillips demands judgment against Defendants for the wages and overtime payments due him for the hours worked by her for which she has not been properly compensated (back pay), liquidated damages, reasonable attorneys' fees and costs of suit, and for all proper relief including pre-judgment interest (in the alternative to liquidated damages), and any further relief that the Court deems necessary. A presuit demand letter was provided to the Defendants but the Defendants failed to even respond.

## **EMAND FOR TRIAL BY JURY**

Plaintiffs demand trial by jury on all issues and all counts of this Complaint so triable as a matter of right.

Dated:     August 16, 2022

                                        Respectfully submitted,

                                        By: /s/*Chris Kleppin*
                                              Chris Kleppin
                                              Fla. Bar No. 625485
                                              chris@kleppinlaw.com
                                              The Kleppin Firm, P.A.
                                              *Attorneys for Plaintiff*
                                              8751 W. Broward Blvd.
                                              Suite 105
                                              Plantation, FL 33324
                                              Tel. (954) 424-1933
                                              Fax (954) 474-7405
                    Secondary E-Mails:     assistant@kleppinlaw.com